IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BENNIE ROBLEDO,
    Petitioner,

vs.                                     Case No. 5:10cv231/SPM/EMT

EDWIN G. BUSS,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

        This habeas corpus case filed under 28 U.S.C. § 2254 is before the court on Respondent's notification that Petitioner is deceased (Doc. 23). Respondent submitted a certified copy of records from the Florida Department of Corrections showing that Petitioner died on May 11, 2011, while incarcerated at the Reception and Medical Center (Doc. 24). Because Petitioner has died, his petition for writ of habeas corpus is now moot and must be dismissed. *See* Garceau v. Woodford, 399 F.3d 1101 (9th Cir. 2005) ("Because petitioner's death renders this case moot, the petition for a writ of habeas corpus should be dismissed as moot."); McClendon v. Trigg, 79 F.3d 557, 558 (7th Cir. 1996) (dismissing as moot a § 2254 petition to set aside prison disciplinary action that took away good time credits due to petitioner's subsequent death); Knapp v. Baker, 509 F.2d 922 (5th Cir. 1975) (dismissing § 2254 appeal as moot where petitioner died during pendency of appeal; directing district court to dismiss the case as moot).

        Accordingly, it is respectfully **RECOMMENDED**:

        That this case be **DISMISSED** as moot and the clerk be directed to close the file.

        At Pensacola, Florida, this 8th day of June 2011.

                                      /s/ *Elizabeth M. Timothy*
                                      **ELIZABETH M. TIMOTHY**
                                      **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).